Law Division Motion Section Initial Case Management Dates for all cases filed after January 1, 2024, will be heard via Zoom
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 5/22/2024 10:00 AM

Civil Action Cover Sheet - Case Initiation                                                    (11/06/13) CCL 0520

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Jessica Smith and Joseph Smith obo Jael Smith, a Minor,

v.

WanaBana, LLC, et al.

1/26/2024 9:54 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L000973
Calendar, D
26138425

No. ___2024L000973___

(FILE STAMP)

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the com-
plaint in all civil actions. The information contained herein is for adminis-
trative purposes only and cannot be introduced into evidence. Please check
the box in front of the appropriate case type which best characterizes your
action. Only one (1) case type may be checked with this cover sheet.

Jury Demand ☑ Yes ☐ No

**PERSONAL INJURY/WRONGFUL DEATH**
CASE TYPES:
☐ 027 Motor Vehicle
☐ 040 Medical Malpractice
☐ 047 Asbestos
☐ 048 Dram Shop
☑ 049 Product Liability
☐ 051 Construction Injuries
      (including Structural Work Act, Road
      Construction Injuries Act and negligence)
☐ 052 Railroad/FELA
☐ 053 Pediatric Lead Exposure
☐ 061 Other Personal Injury/Wrongful Death
☐ 063 Intentional Tort
☐ 064 Miscellaneous Statutory Action
      *(Please Specify Below**)*
☐ 065 Premises Liability
☐ 078 Fen-phen/Redux Litigation
☐ 199 Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**
CASE TYPES:
☐ 007 Confessions of Judgment
☐ 008 Replevin
☐ 009 Tax
☐ 015 Condemnation
☐ 017 Detinue
☐ 029 Unemployment Compensation
☐ 031 Foreign Transcript
☐ 036 Administrative Review Action
☐ 085 Petition to Register foreign Judgment
☐ 099 All Other Extraordinary Remedies

**COMMERCIAL LITIGATION**
CASE TYPES:
☐ 002 Breach of Contract
☐ 070 Professional Malpractice
      (other than legal or medical)
☐ 071 Fraud (other than legal or medical)
☐ 072 Consumer Fraud
☐ 073 Breach of Warranty
☐ 074 Statutory Action
      *(Please specify below.**)*
☐ 075 Other Commercial Litigation
      *(Please specify below.**)*
☐ 076 Retaliatory Discharge

**OTHER ACTIONS**
CASE TYPES:
☐ 062 Property Damage
☐ 066 Legal Malpractice
☐ 077 Libel/Slander
☐ 079 Petition for Qualified Orders
☐ 084 Petition to Issue Subpoena
☐ 100 Petition for Discovery

** _____

_____

Service via email from opposing party/counsel will be
accepted at:

pleadings@wkc-lawyers.com

by consent pursuant to Ill. Sup. Court Rules 11 and 131.

By: s/ Daniel K. Cetina - Firm No. 11198
    (Attorney)                    (Pro Se)

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice
from the Clerk's office for this case at this email address: _____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

FILED DATE: 1/26/2024 9:54 AM    2024L000973

FILED
1/26/2024 9:54 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L000973
Calendar, D

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| JESSICA SMITH and JOSEPH SMITH, on behalf of JAEL SMITH, a minor, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) |
| | ) |
| WANABANA LLC, WANABANA USA LLC, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY LLC, | ) ) ) ) ) ) |
| Defendants. | ) ) |

2024L000973

Case No.

## COMPLAINT AT LAW

Plaintiffs, JESSICA SMITH and JOSEPH SMITH, on behalf of JAEL SMITH, a minor, by their attorneys, WALSH, KNIPPEN & CETINA, CHARTERED, for their Complaint at Law against Defendants, WANABANA LLC, WANABANA USA LLC, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, state as follows:

### COUNT I - NEGLIGENCE
### (Jessica Smith and Joseph Smith o/b/o Jael Smith v. WanaBana)

1. On and prior to November 7, 2023, Defendant, WANABANA LLC, was a corporation doing business in Cook County, Illinois.

2. On and prior to November 7, 2023, Defendant, WANABANA USA LLC, was a corporation doing business in Cook County, Illinois.

3. Defendants, WANABANA LLC and WANABANA USA LLC, have purposefully directed their activities at the State of Illinois and delivered their products into the stream of commerce with the expectation that they will be purchased by consumers in the State of Illinois

1

FILED DATE: 1/26/2024 9:54 AM  2024L000973

FILED DATE: 1/26/2024 9:54 AM  2024L000973

and purposefully availed themselves of the privilege of conducting activities within the State of Illinois, thus invoking the benefits and protections of its laws.

4. There is no federal regulation regarding lead contamination of food and food pouches that would preempt the Plaintiffs' state-law claims.

5. Defendants, WANABANA LLC and WANABANA USA LLC, forfeit any shield of federal preemption because they designed, manufactured, and sold unapproved, adulterated, and/or misbranded food, including WanaBana Apple Cinnamon Fruit Purée.  Plaintiff, JESSICA SMITH's and JOSEPH SMITH's state law claims do not conflict with the federal regulatory scheme and do not require anything different or additional than what federal law already requires.

6. On and prior to November 7, 2023, Defendants, WANABANA LLC and WANABANA USA LLC, were doing business in the design, manufacture, and sale of food and food pouches, including WanaBana Apple Cinnamon Fruit Purée.

7. On and prior to November 7, 2023, Defendants, WANABANA LLC and WANABANA USA LLC, acted in concert and in an agency relationship regarding their above-described design, manufacture, and sale of food and food pouches, including WanaBana Apple Cinnamon Fruit Purée.

8. On and prior to November 7, 2023, Defendants, WANABANA LLC and WANABANA USA LLC, represented to the public, including Plaintiffs, JESSICA SMITH and JOSEPH SMITH, that they "have a team of highly qualified people, controlled processes and a food safety management system, which allows us to guarantee the safety of our products and a continuous improvement of our processes" and that they "carry a production line with the highest standards in the market, evidenced in the certifications obtained year after year."

FILED DATE: 1/26/2024 9:54 AM    2024L000973

9.     On and prior to November 7, 2023, Defendants, WANABANA LLC and WANABANA USA LLC, controlled the sourcing of ingredients, testing, manufacturing process, quality assurance protocols, design, packaging, labeling, marketing, advertising, promotion, distribution, and sales of their products.  Defendants therefore had control over both the contents and the labeling of their products.

10.     On and prior to November 7, 2023, Defendants, WANABANA LLC and WANABANA USA LLC, marketed their above-described food and food pouches, including WanaBana Apple Cinnamon Fruit Purée, for consumption by children.

11.     On and prior to November 7, 2023, Defendants, WANABANA LLC and WANABANA USA LLC, labeled their above-described food and food pouches, including WanaBana Apple Cinnamon Fruit Purée, with the words "I AM FRUIT", "No preservatives", "Gluten free", "NO SUGAR ADDED", and "KOSHER".

12.     On and prior to November 7, 2023, Defendants, WANABANA LLC and WANABANA USA LLC, labeled their above-described food and food pouches, with a list of ingredients representing that the only ingredients were "Apple puree, cinnamon powder, acidulant: citric acid."

13.     Defendant, WANABANA LLC's and WANABANA USA LLC's manufacturing process resulted in their food, including WanaBana Apple Cinnamon Fruit Purée, becoming contaminated with unsafe levels of poisonous and otherwise hazardous lead.

14.     Lead is not generally recognized as safe but, rather, is considered unsafe for ingestion by children at any level.

FILED DATE: 1/26/2024 9:54 AM    2024L000973

15.     Because Defendant, WANABANA LLC's and WANABANA USA LLC's above-described food contained new additives of lead that are poisonous and otherwise hazardous, they were not the same as corresponding food that did not contain lead.

16.     Because Defendant, WANABANA LLC's and WANABANA USA LLC's above-described food contained new additives of lead that are poisonous and otherwise hazardous, they were entirely new food products with an additive that had never gone through the U.S. Food and Drug Administration ("FDA") submission, review, and approval process.

17.     Because Defendant, WANABANA LLC's and WANABANA USA LLC's food and food pouches, including WanaBana Apple Cinnamon Fruit Purée, contained lead that is poisonous and otherwise hazardous, they were adulterated products.

18.     Defendants, WANABANA LLC and WANABANA USA LLC, labeled their food and food pouches, including WanaBana Apple Cinnamon Fruit Purée, but said labeling did not include the presence of unsafe levels of poisonous and otherwise hazardous lead.

19.     Prior to November 7, 2023, Defendants, WANABANA LLC and WANABANA USA LLC, sold their products, including WanaBana Apple Cinnamon Fruit Purée, to Plaintiffs, JESSICA SMITH and JOSEPH SMITH, or to others who, in turn, sold them to Plaintiffs, JESSICA SMITH and JOSEPH SMITH, who fed them to their minor daughter, JAEL SMITH.

20.     Prior to November 7, 2023, Plaintiffs, JESSICA SMITH and JOSEPH SMITH, read and relied upon Defendant, WANABANA LLC's and WANABANA USA LLC's labels and instructions and used their above-described products as intended.

21.     On November 7, 2023, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, was diagnosed with heightened and toxic lead levels in her blood after

FILED DATE: 1/26/2024 9:54 AM    2024L000973

regularly consuming Defendant, WANABANA LLC's and WANABANA USA LLC's food for nearly one year.

22.    At all times relevant, it was the duty of Defendants, WANABANA LLC and WANABANA USA LLC, to exercise reasonable care in the design, manufacture, and sale of their products such that they were safe for consumers in general and Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, in particular.

23.    Prior to November 7, 2023, Defendants, WANABANA LLC and WANABANA USA LLC, did breach their duty and were guilty of one or more, or all, of the following negligent acts and/or omissions:

(a)    Designed, manufactured, and sold food and food pouches that contained lead;

(b)    Designed, manufactured, and sold food and food pouches that were adulterated;

(c)    Designed, manufactured, and sold food and food pouches that were misbranded;

(d)    Designed, manufactured, and sold food and food pouches while misrepresenting their ingredients and effects;

(e)    Designed, manufactured, and sold food and food pouches while concealing their ingredients and effects;

(f)    Designed, manufactured, and sold food and food pouches with an additive that had not undergone the FDA submission, review, and approval process;

(g)    Failed to warn about the presence of lead in their food and food pouches; and/or

(h)    Were otherwise careless and negligent in their design, manufacture and sale of the above-described food and food pouches.

24.    As a proximate result of one or more, or all, of the foregoing negligent acts and/or omissions of Defendants, WANABANA LLC and WANABANA USA LLC, and each of them, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, was caused to suffer severe personal, pecuniary, and debilitating injuries for which she has sought, and in the

5

FILED DATE: 1/26/2024 9:54 AM   2024L000973

future must seek, medical care and attention and for which she has been kept, and will in the future be kept, from attending to her ordinary affairs and duties, and as a result of the foregoing, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, has become, and will in the future continue to become, responsible for sums of money for medical and hospital care.

WHEREFORE, Plaintiffs, JESSICA SMITH and JOSEPH SMITH, on behalf of JAEL SMITH, a minor, respectfully pray for judgment in their favor and against Defendants, WANABANA LLC and WANABANA USA LLC, and each of them, in an amount in excess of $50,000.00 that will fairly and adequately compensate their minor daughter, JAEL SMITH, together with costs of this suit, and for such other and further relief as is just and adequate.

**COUNT II - STRICT LIABILITY**
**(Jessica Smith and Joseph Smith o/b/o Jael Smith v. WanaBana)**

1-21. Plaintiffs, JESSICA SMITH and JOSEPH SMITH, repeat, reallege, and incorporate by reference Paragraphs 1 to 21 of Count I of their Complaint at Law as though fully set forth herein.

22. The above-described food and food pouches that Defendants, WANABANA LLC and WANABANA USA LLC, provided to Plaintiffs, JESSICA SMITH and JOSEPH SMITH, were defective and unreasonably dangerous in one or more, or all, of the following respects:

(a)    They contained lead;

(b)    They were adulterated;

(c)    They were misbranded;

(d)    The labels misrepresented the ingredients and additives;

(e)    The labels did not include all of the ingredients and additives;

(f)    They contained poisonous substances;

(g)    They failed to include warnings about lead or other poisonous substances; and/or

6

FILED DATE: 1/26/2024 9:54 AM    2024L000973

(h)    They were otherwise defective and unreasonably dangerous.

23.    As a proximate result of one or more, or all, of the foregoing defective and unreasonably dangerous conditions in the food and food pouches designed, manufactured, and sold by Defendants, WANABANA LLC and WANABANA USA LLC, and each of them, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, was caused to suffer severe personal, pecuniary, and debilitating injuries for which she has sought, and in the future must seek, medical care and attention and for which she has been kept, and will in the future be kept, from attending to her ordinary affairs and duties, and as a result of the foregoing, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, has become, and will in the future continue to become, responsible for sums of money for medical and hospital care.

WHEREFORE, Plaintiffs, JESSICA SMITH and JOSEPH SMITH, on behalf of JAEL SMITH, a minor, respectfully pray for judgment in their favor and against Defendants, WANABANA LLC and WANABANA USA LLC, and each of them, in an amount in excess of $50,000.00 that will fairly and adequately compensate their minor daughter, JAEL SMITH, together with costs of this suit, and for such other and further relief as is just and adequate.

## COUNT III - BREACH OF IMPLIED WARRANTY
### (Jessica Smith and Joseph Smith o/b/o Jael Smith v. WanaBana)

1-23.    Plaintiffs, JESSICA SMITH and JOSEPH SMITH, repeat, reallege, and incorporate by reference Paragraphs 1 to 23 of Count I of their Complaint at Law as though fully set forth herein.

24.    At all relevant times, Paragraph 2-314(2)(c) of the Illinois Uniform Commercial Code, 810 ILCS 2-314(2)(c), was in full force and effect.

FILED DATE: 1/26/2024 9:54 AM 2024L000973

25.     At the time of the delivery of the above-described food and food pouches, Defendants, WANABANA LLC and WANABANA USA LLC, then and there impliedly warranted that these products were of merchantable quality and fit for the ordinary purpose for which they were used.

26.     At all relevant times, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, was a direct or third-party beneficiary of the above-described implied warranty of merchantability.

27.     Defendants, WANABANA LLC and WANABANA USA LLC, breached the aforesaid implied warranty of merchantability in that the above-described food and food pouches failed to perform in the manner reasonably to be expected in light of their nature and intended function and caused injury during normal use.

28.     By reason of the aforesaid breaches of implied warranty by Defendants, WANABANA LLC and WANABANA USA LLC, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, was caused to suffer severe personal, pecuniary, and debilitating injuries for which she has sought, and in the future must seek, medical care and attention and for which she has been kept, and will in the future be kept, from attending to her ordinary affairs and duties, and as a result of the foregoing, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, has become, and will in the future continue to become, responsible for sums of money for medical and hospital care.

WHEREFORE, Plaintiffs, JESSICA SMITH and JOSEPH SMITH, on behalf of JAEL SMITH, a minor, respectfully pray for judgment in their favor and against Defendants, WANABANA LLC and WANABANA USA LLC, and each of them, in an amount in excess of

FILED DATE: 1/26/2024 9:54 AM   2024L000973

$50,000.00 that will fairly and adequately compensate their minor daughter, JAEL SMITH, together with costs of this suit, and for such other and further relief as is just and adequate.

### COUNT IV - BREACH OF EXPRESS WARRANTY
### (Jessica Smith and Joseph Smith o/b/o Jael Smith v. WanaBana)

1-23.    Plaintiffs, JESSICA SMITH and JOSEPH SMITH, repeat, reallege, and incorporate by reference Paragraphs 1 to 23 of Count I of their Complaint at Law as though fully set forth herein.

24.    At all relevant times, Paragraph 2-313(1) of the Illinois Uniform Commercial Code, 810 ILCS 2-313(1), was in full force and effect.

25.    At the time of the delivery of the above-described food pouches, Defendants, WANABANA LLC and WANABANA USA LLC, then and there expressly warranted that these products contained only apple puree, cinnamon powder, and citric acid.

26.    At the time of the delivery of the above-described food pouches, Defendants, WANABANA LLC and WANABANA USA LLC, then and there expressly warranted that these products were of merchantable quality and fit for the ordinary purpose for which they were used.

27.    At all relevant times, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, was a direct or third-party beneficiary of the above-described express warranty of merchantability.

28.    Defendants, WANABANA LLC and WANABANA USA LLC, breached the aforesaid express warranty of merchantability in that the above-described food and food pouches failed to perform in the manner reasonably to be expected in light of their nature and intended function and caused injury during normal use.

29.    By reason of the aforesaid breaches of express warranty by Defendants, WANABANA LLC and WANABANA USA LLC, Plaintiff, JESSICA SMITH's and JOSEPH

FILED DATE: 1/26/2024 9:54 AM   2024L000973

SMITH's minor daughter, JAEL SMITH, was caused to suffer severe personal, pecuniary, and debilitating injuries for which she has sought, and in the future must seek, medical care and attention and for which she has been kept, and will in the future be kept, from attending to her ordinary affairs and duties, and as a result of the foregoing, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, has become, and will in the future continue to become, responsible for sums of money for medical and hospital care.

WHEREFORE, Plaintiffs, JESSICA SMITH and JOSEPH SMITH, on behalf of JAEL SMITH, a minor, respectfully pray for judgment in their favor and against Defendants, WANABANA LLC and WANABANA USA LLC, and each of them, in an amount in excess of $50,000.00 that will fairly and adequately compensate their minor daughter, JAEL SMITH, together with costs of this suit, and for such other and further relief as is just and adequate.

### COUNT V - FAMILY EXPENSE ACT
### (Jessica Smith and Joseph Smith v. WanaBana)

1-24.    Plaintiffs, JESSICA SMITH and JOSEPH SMITH, on behalf of JAEL SMITH, a minor, repeat, reallege, and incorporate by reference Paragraphs 1 to 24 of Count I of their Complaint at Law as though fully set forth herein.

25.    At the time she tested positive for heightened lead levels, JAEL SMITH was a minor and Plaintiffs, JESSICA SMITH and JOSEPH SMITH, were the parents of JAEL SMITH.

26.    As a proximate result of one or more, or all, of the foregoing negligent acts and/or omissions of Defendants, WANABANA LLC and WANABANA USA LLC, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, sustained injuries and damages of a personal and pecuniary nature, necessitating medical treatment, and resulting in medical expenses for her medical treatment.

FILED DATE: 1/26/2024 9:54 AM    2024L000973

27.     Plaintiffs, JESSICA SMITH and JOSEPH SMITH, as parents of JAEL SMITH, incurred medical expenses for the treatment provided to JAEL SMITH when she was a minor.

28.     This action is brought pursuant to the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, Plaintiffs, JESSICA SMITH and JOSEPH SMITH, respectfully pray for judgment against Defendants, WANABANA LLC and WANABANA USA LLC, and each of them, in such sum as will reasonably and fairly compensate Plaintiffs, JESSICA SMITH and JOSEPH SMITH, for the medical expenses they incurred for treatment of their daughter, JAEL SMITH, a minor, resulting from the negligence of Defendants, WANABANA LLC and WANABANA USA LLC, together with costs of this suit, and for such other and further relief as is just and adequate.

### COUNT VI - NEGLIGENCE
### (Jessica Smith and Joseph Smith o/b/o Jael Smith v. Dollar Tree)

1.     On and prior to November 7, 2023, Defendant, DOLLAR TREE, INC., was a corporation doing business in Cook County, Illinois at multiple locations, including 12625 Western Avenue, Blue Island, Illinois.

2.     On and prior to November 7, 2023, Defendant, DOLLAR TREE STORES, INC., was a corporation doing business in Cook County, Illinois at multiple locations, including 12625 Western Avenue, Blue Island, Illinois.

3.     On and prior to November 7, 2023, Defendant, DOLLAR TREE DISTRIBUTION, INC., was a corporation doing business in Cook County, Illinois at multiple locations, including 12625 Western Avenue, Blue Island, Illinois.

4.     On and prior to November 7, 2023, Defendant, DOLLAR TREE SOURCING COMPANY LLC, was a corporation doing business in Cook County, Illinois at multiple locations, including 12625 Western Avenue, Blue Island, Illinois.

FILED DATE: 1/26/2024 9:54 AM   2024L000973

5.      Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, have purposefully directed their activities at the State of Illinois, own property and operate business in Illinois, employ Illinois citizens, and delivered their products into the stream of commerce with the expectation that they will be purchased by consumers in the State of Illinois and purposefully availed themselves of the privilege of conducting activities within the State of Illinois, thus invoking the benefits and protections of its laws.

6.      On and prior to November 7, 2023, Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, were engaged in the sale and distribution of food and food pouches, including WanaBana Apple Cinnamon Fruit Purée.

7.      On and prior to November 7, 2023, Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, advertised and marketed the above-described WanaBana Apple Cinnamon Fruit Purée food and food pouches as safe and healthy, including for consumption by children.

8.      On and prior to November 7, 2023, the above-described WanaBana Apple Cinnamon Fruit Purée food and food pouches contained unsafe levels of poisonous and otherwise hazardous lead.

9.      Lead is not generally recognized as safe but, rather, is considered poisonous and unsafe for ingestion by children at any level.

10.     Prior to November 7, 2023, Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING

FILED DATE: 1/26/2024 9:54 AM  2024L000973

COMPANY, LLC, sold its WanaBana Apple Cinnamon Fruit Purée pouches at its location at 12625 Western Avenue, Blue Island, Illinois, and other locations, to Plaintiffs, JESSICA SMITH and JOSEPH SMITH, who fed them to their minor daughter, JAEL SMITH.

11.     Prior to selling its WanaBana Apple Cinnamon Fruit Purée pouches to Plaintiffs, JESSICA SMITH and JOSEPH SMITH, Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, knew or should have known that the above-described food and food pouches contained new active ingredients that are poisonous and otherwise hazardous that were not the same as corresponding food pouches that did not contain lead.

12.     Prior to selling its WanaBana Apple Cinnamon Fruit Purée pouches to Plaintiffs, JESSICA SMITH and JOSEPH SMITH, Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, knew or should have known that the above-described food and food pouches contained active ingredients that are poisonous and otherwise hazardous.

13.     Prior to selling its WanaBana Apple Cinnamon Fruit Purée pouches to Plaintiffs, JESSICA SMITH and JOSEPH SMITH, Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, knew or should have known that the above-described food and food pouches were adulterated products.

14.     Prior to selling its WanaBana Apple Cinnamon Fruit Purée pouches to Plaintiffs, JESSICA SMITH and JOSEPH SMITH, Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING

FILED DATE: 1/26/2024 9:54 AM    2024L000973

COMPANY, LLC, knew or should have known that the above-described food and food pouches' labeling did not include the presence of lead.

15.     Prior to November 7, 2023, Plaintiffs, JESSICA SMITH and JOSEPH SMITH, read and relied upon Defendant, DOLLAR TREE, INC.'s, DOLLAR TREE STORES, INC.'s, DOLLAR TREE DISTRIBUTION, INC.'s, and DOLLAR TREE SOURCING COMPANY, LLC's labels and instructions and used Defendant, DOLLAR TREE, INC.'s, DOLLAR TREE STORES, INC.'s, DOLLAR TREE DISTRIBUTION, INC.'s, and DOLLAR TREE SOURCING COMPANY, LLC's food and food pouches as intended.

16.     On November 7, 2023, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, was diagnosed with heightened lead levels in her blood after regularly consuming Defendant, DOLLAR TREE, INC.'s, DOLLAR TREE STORES, INC.'s, DOLLAR TREE DISTRIBUTION, INC.'s, and DOLLAR TREE SOURCING COMPANY, LLC's above-described WanaBana Apple Cinnamon Fruit Purée for nearly one year.

17.     At all relevant times, it was the duty of Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, to exercise reasonable care in the sale of its products such that they were safe for consumers in general and Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, in particular.

18.     Prior to November 7, 2023, Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, did breach their duty and were guilty of one or more, or all, of the following negligent acts and/or omissions:

(a)     Distributed and sold food and food pouches that contained lead;

FILED DATE: 1/26/2024 9:54 AM   2024L000973

(b)      Distributed and sold food and food pouches that were adulterated;

(c)      Distributed and sold food and food pouches that were misbranded;

(d)      Distributed and sold food and food pouches while misrepresenting their safety, healthiness, ingredients, and effects;

(e)      Distributed and sold food and food pouches while concealing their ingredients and effects;

(f)      Distributed and sold food and food pouches with an additive that had not undergone the FDA submission, review, and approval process;

(g)      Failed to warn about the presence of lead in their food and food pouches; and/or

(h)      Were otherwise careless and negligent in their distribution and sale of the above-described food and food pouches.

19.      As a proximate result of one or more, or all, of the foregoing negligent acts and/or omissions of Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, was caused to suffer severe personal, pecuniary, and debilitating injuries for which she has sought, and in the future must seek, medical care and attention and for which she has been kept, and will in the future be kept, from attending to her ordinary affairs and duties, and as a result of the foregoing, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, has become, and will in the future continue to become, responsible for sums of money for medical and hospital care.

WHEREFORE, Plaintiffs, JESSICA SMITH and JOSEPH SMITH, on behalf of JAEL SMITH, a minor, respectfully pray for judgment in their favor and against Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, and each of them, in an amount in excess of

FILED DATE: 1/26/2024 9:54 AM    2024L000973

$50,000.00 that will fairly and adequately compensate their minor daughter, JAEL SMITH, together with costs of this suit, and for such other and further relief as is just and adequate.

**COUNT VII - STRICT LIABILITY**
**(Jessica Smith and Joseph Smith o/b/o Jael Smith v. Dollar Tree)**

1-16.    Plaintiffs, JESSICA SMITH and JOSEPH SMITH, repeat, reallege, and incorporate by reference Paragraphs 1 to 16 of Count VI of their Complaint at Law as though fully set forth herein.

17.    The above-described food pouches that Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, provided to Plaintiffs, JESSICA SMITH and JOSEPH SMITH, were defective and unreasonably dangerous in one or more, or all, of the following respects:

(a)    They contained lead;

(b)    They were adulterated;

(c)    They were misbranded;

(d)    The labels misrepresented the ingredients and additives;

(e)    The labels did not include all of the ingredients and additives;

(f)    They contained poisonous substances;

(g)    They failed to include warnings about lead or other poisonous substances; and/or

(h)    They were otherwise defective and unreasonably dangerous.

18.    As a proximate result of one or more, or all, of the foregoing defective and unreasonably dangerous conditions in the food pouches sold by Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, was caused to suffer severe personal, pecuniary, and debilitating

injuries for which she has sought, and in the future must seek, medical care and attention and for which she has been kept, and will in the future be kept, from attending to her ordinary affairs and duties, and as a result of the foregoing, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, has become, and will in the future continue to become, responsible for sums of money for medical and hospital care.

WHEREFORE, Plaintiffs, JESSICA SMITH and JOSEPH SMITH, on behalf of JAEL SMITH, a minor, respectfully pray for judgment in their favor and against Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, and each of them, in an amount in excess of $50,000.00 that will fairly and adequately compensate their minor daughter, JAEL SMITH, together with costs of this suit, and for such other and further relief as is just and adequate.

### COUNT VIII - BREACH OF IMPLIED WARRANTY
### (Jessica Smith and Joseph Smith o/b/o Jael Smith v. Dollar Tree)

1-18.    Plaintiffs, JESSICA SMITH and JOSEPH SMITH, repeat, reallege, and incorporate by reference Paragraphs 1 to 18 of Count VI of their Complaint at Law as though fully set forth herein.

19.    At all relevant times, Paragraph 2-314(2)(c) of the Illinois Uniform Commercial Code, 810 ILCS 2-314(2)(c), was in full force and effect.

20.    At the time of the delivery of the above-described food pouches, Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, then and there impliedly warranted that these products were of merchantable quality and fit for the ordinary purpose for which they were used.

17

FILED DATE: 1/26/2024 9:54 AM   2024L000973

21.     At all relevant times, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, was a direct or third-party beneficiary of the above-described implied warranty of merchantability.

22.     Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, breached the aforesaid implied warranty of merchantability in that the above-described food pouches failed to perform in the manner reasonably to be expected in light of their nature and intended function and caused injury during normal use.

23.     By reason of the aforesaid breaches of implied warranty by Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, was caused to suffer severe personal, pecuniary, and debilitating injuries for which she has sought, and in the future must seek, medical care and attention and for which she has been kept, and will in the future be kept, from attending to her ordinary affairs and duties, and as a result of the foregoing, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, has become, and will in the future continue to become, responsible for sums of money for medical and hospital care.

WHEREFORE, Plaintiffs, JESSICA SMITH and JOSEPH SMITH, on behalf of JAEL SMITH, a minor, respectfully pray for judgment in their favor and against Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, and each of them, in an amount in excess of $50,000.00 that will fairly and adequately compensate their minor daughter, JAEL SMITH, together with costs of this suit, and for such other and further relief as is just and adequate.

FILED DATE: 1/26/2024 9:54 AM    2024L000973

## COUNT IX - BREACH OF EXPRESS WARRANTY
### (Jessica Smith and Joseph Smith o/b/o Jael Smith v. Dollar Tree)

1-18.   Plaintiffs, JESSICA SMITH and JOSEPH SMITH, repeat, reallege, and incorporate by reference Paragraphs 1 to 18 of Count VI of their Complaint at Law as though fully set forth herein.

19.    At all relevant times, Paragraph 2-313(1) of the Illinois Uniform Commercial Code, 810 ILCS 2-313(1), was in full force and effect.

20.    At the time of the delivery of the above-described food pouches, Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, then and there expressly warranted that these products were of merchantable quality and fit for the ordinary purpose for which they were used.

21.    At all relevant times, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, was a direct or third-party beneficiary of the above-described express warranty of merchantability.

22.    Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, breached the aforesaid express warranty of merchantability in that the above-described food pouches failed to perform in the manner reasonably to be expected in light of their nature and intended function and caused injury during normal use.

23.    By reason of the aforesaid breaches of express warranty by Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, was caused to suffer severe personal, pecuniary, and

debilitating injuries for which she has sought, and in the future must seek, medical care and attention and for which she has been kept, and will in the future be kept, from attending to her ordinary affairs and duties, and as a result of the foregoing, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, has become, and will in the future continue to become, responsible for sums of money for medical and hospital care.

WHEREFORE, Plaintiffs, JESSICA SMITH and JOSEPH SMITH, on behalf of JAEL SMITH, a minor, respectfully pray for judgment in their favor and against Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, and each of them, in an amount in excess of $50,000.00 that will fairly and adequately compensate their minor daughter, JAEL SMITH, together with costs of this suit, and for such other and further relief as is just and adequate.

### COUNT X - FAMILY EXPENSE ACT
### (Jessica Smith and Joseph Smith v. Dollar Tree)

1-19.   Plaintiffs, JESSICA SMITH and JOSEPH SMITH, on behalf of JAEL SMITH, a minor, repeat, reallege, and incorporate by reference Paragraphs 1 to 19 of Count VI of their Complaint at Law as though fully set forth herein.

20.     At the time she tested positive for heightened lead levels, JAEL SMITH was a minor and Plaintiffs, JESSICA SMITH and JOSEPH SMITH, were the parents of JAEL SMITH.

21.     As a proximate result of one or more, or all, of the foregoing negligent acts and/or omissions of Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, Plaintiff, JESSICA SMITH's and JOSEPH SMITH's minor daughter, JAEL SMITH, sustained injuries and damages of a personal and pecuniary nature, necessitating medical treatment, and resulting in medical expenses for her medical treatment.

FILED DATE: 1/26/2024 9:54 AM   2024L000973

22.    Plaintiffs, JESSICA SMITH and JOSEPH SMITH, as parents of JAEL SMITH, incurred medical expenses for the treatment provided to JAEL SMITH when she was a minor.

23.    This action is brought pursuant to the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, Plaintiffs, JESSICA SMITH and JOSEPH SMITH, respectfully pray for judgment against Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, and each of them, in such sum as will reasonably and fairly compensate Plaintiffs, JESSICA SMITH and JOSEPH SMITH, for the medical expenses they incurred for treatment of their daughter, JAEL SMITH, a minor, resulting from the negligence of Defendants, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY, LLC, together with costs of this suit, and for such other and further relief as is just and adequate.

Respectfully submitted,

WALSH, KNIPPEN & CETINA, CHARTERED

By: _____
        Daniel K. Cetina

Attorney No. 11198
Daniel K. Cetina
WALSH, KNIPPEN & CETINA, CHARTERED
2150 Manchester Road, Suite 200
Wheaton, Illinois 60187
(630) 462-1980
dan@wkc-lawyers.com

FILED DATE: 1/26/2024 9:54 AM   2024L000973

FILED DATE: 1/26/2024 9:54 AM 2024L000973

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JESSICA SMITH and JOSEPH SMITH, on behalf of JAEL SMITH, a minor, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. |
| WANABANA LLC, WANABANA USA LLC, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE SOURCING COMPANY LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## JURY DEMAND

Plaintiffs, JESSICA SMITH and JOSEPH SMITH, on behalf of JAEL SMITH, a minor, by their attorneys, WALSH, KNIPPEN & CETINA, CHARTERED, hereby demand trial by a 12-person jury in the above-captioned cause of action.

Respectfully submitted,

WALSH, KNIPPEN & CETINA, CHARTERED

By: _____
      Daniel K. Cetina

Attorney No. 11198
Daniel K. Cetina
WALSH, KNIPPEN & CETINA, CHARTERED
2150 Manchester Road, Suite 200
Wheaton, Illinois 60187
(630) 462-1980
dan@wkc-lawyers.com

1