# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA SMITH and JOSEPH SMITH, on Behalf of JAEL SMITH, a minor, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| WANABANA, LLC, WANABANA USA LLC, DOLLAR TREE, INC., DOLLAR TREE STORES, INC., DOLLAR TREE DISTRIBUTION, INC., and DOLLLAR TREE SOURCING COMPANY LLC, AUSTROFOOD S.A.S., AUSTROFOOD CIA. LTDA. and S&S NEGOCOIS ASOCIADOS MAYORISTAS NEGASMART S.A., | ) ) ) ) ) ) ) ) ) ) ) | Case No. 24-CV-02196<br><br>Judge Sharon Johnson Coleman |
| Defendants. | ) ) ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Jessica Smith and Joseph Smith, on behalf of Jael Smith, a minor, (together, "Plaintiffs") allege that Dollar Tree, Inc.; Dollar Tree Stores, Inc.; Dollar Tree Distribution, Inc.; and Dollar Tree Sourcing Company LLC (together, "Dollar Tree") advertised, marketed, and sold WanaBana Apple Cinnamon Fruit Purée pouches (the "Fruit Pouch") that contained unsafe levels of poisonous or otherwise hazardous lead that caused their minor daughter to suffer bodily injury after ingesting the Fruit Pouch for nearly one year.

Currently before the Court is Dollar Tree's motion to dismiss all claims asserted against it under 735 ILCS 5/2-621 and Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Dollar Tree's motion to dismiss is granted [18].

**BACKGROUND**

The following facts are accepted as true for the purposes of resolving Dollar Tree's motion to dismiss.

Dollar Tree was engaged in the sale and distribution of the Fruit Pouch at multiple locations, including 12625 Western Avenue, Blue Island, Illinois. Dollar Tree advertised and marketed the Fruit Pouch as safe and healthy, including for consumption by children. On November 7, 2023, Plaintiffs' minor child was diagnosed with heightened lead levels in her blood as a result of regularly consuming the Fruit Pouch for nearly one year. Plaintiffs allege that the Fruit Pouch contained unsafe levels of poisonous and otherwise hazardous lead. Plaintiffs further allege that Dollar Tree knew or should have known that the Fruit Pouch contained lead, was an adulterated product, and that the Fruit Pouch's labeling did not include the presence of lead.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

**DISCUSSION**

Dollar Tree moves to dismiss five counts of Plaintiffs' complaint: Count VI (negligence), Count VII (strict liability), Count VIII (breach of implied warranty), Count IX (breach of express warranty), and Count X (Family Expense Act).

**I.      Count VII: Strict Liability**

As Dollar Tree's argument for dismissing Plaintiffs" negligence count hinges on the allegations pled in the strict liability count, the Court will address the strict liability count first.  In Count VII, Plaintiffs allege that Dollar Tree is strictly liable for advertising, marketing, and selling the Fruit Pouch.  Dollar Tree argues that, as a nonmanufacturing retailer, it is immune from claims arising out of the Fruit Pouch's sale under the Illinois Seller's Exception, 735 ILCS 5/2-621.  The Illinois Seller's Exception mandates the dismissal of a nonmanufacturing defendant from a strict liability claim if the defendant certifies the correct identity of the manufacturer of an allegedly defective product.  *Brobbery v. Enter. Leasing Co. of Chi.,* 404 Ill. App. 3d 420, 428, 935 N.E.2d 1084, 1092 (1st Dist. 2010).  The purpose of the statute is to allow a nonmanufacturing defendant to defer liability upstream and identify the liable party, the manufacturer.  *See Brobbery,* 404 Ill. App. 3d at 428; *see also Cherry v. Siemans Medical Systems, Inc.,* 206 Ill. App. 3d 1055, 1060–61, 565 N.E.2d 215, 218 (1st Dist. 1990).

Here, Dollar Tree filed an affidavit identifying co-defendants Wanabana LLC and Wanabana USA, LLC (together "Wanabana"), or one or more of their affiliated entities, as the manufacturer of the Fruit Pouch.  Despite this affidavit, Plaintiffs argue that the Illinois Seller's Exception does not apply to Dollar Tree for two reasons: first, because the affidavit filed does not name the correct manufacturer; and second, because the statute requires that the true manufacturer be sued and have filed an answer or responsive pleadings or be required to do so, which has not yet occurred.

Both of Plaintiffs' arguments fail. In addressing Plaintiffs' first argument, Dollar Tree relies on *Jones v. UPR Fruit Pouch, Inc.,* No. 14-cv-1248, 2015 WL 3463367, at *4 (N.D. Ill. May 29, 2015) (Alonso, J). In *Jones*, the court held that the Illinois Seller's Exception does not require a nonmanufacturing seller to identify the roles other defendants played in the design and manufacture of the product; the only obligation is to identify upstream parties responsible for the wrongdoing in order to defer liability to the ultimate wrong doer. *Id.* at *4. The Court finds the *Jones* decision instructive. *Id.* ("The Court sees no reason to insist that [nonmanufacturing defendant] not only identify the upstream manufacturer of the component it sold but also correctly identify what role the other defendants may have played in the design or manufacture of the product *downstream* of [nonmanufacturing defendant].")

After Dollar Tree identified Wanabana as the manufacturer, Wanabana filed a third-party complaint that identified Defendants Austrofood S.A.S., S&S Negocios Asociados Mayoristas Negasmart S.A., and Austrofood CIA Ltda ("Austrofood") as the correct manufacturers of the Fruit Pouch. (Dkt. 27.) Plaintiffs then filed a First Amended Complaint asserting claims against the Austrofood Defendants as the manufacturer of the Fruit Pouch. (Dkt. 36.) The affidavit filed by Dollar Tree led to the correct identification of the manufacturer. Because Dollar Tree met its obligation to identify upstream responsible parties, and Plaintiffs are on notice that Dollar Tree is not and cannot be considered the manufacturer of the Fruit Pouch, Plaintiffs' argument that the affidavit was insufficient fails.

Plaintiffs' second argument also fails. Plaintiffs argue that the Illinois Seller's Exception requires that the true manufacturer be sued and have filed an answer or responsive pleading or otherwise be required to do so prior to the dismissal of a nonmanufacturing defendant. Here, the time for the true manufacturer to answer or file a responsive pleading has passed. Plaintiffs

identified Austrofood as the true manufacturer and served these entities in early June 2024. The time to file an answer or otherwise plead has long passed. This argument, therefore, is moot.

Dollar Tree has met its burden as a nonmanufacturing retailer under the Illinois Seller's Exception. Still, the statute allows Plaintiffs to reinstate a previously dismissed nonmanufacturer defendant if the action cannot reach the manufacturer or the manufacturer would not be able to satisfy judgment or settlement. While, this argument is not yet ripe for adjudication at this time, Plaintiffs may be able to reinstate Dollar Tree in the future if facts necessitating reinstatement under the statute arise.

For these reasons, the Court dismisses Count VII without prejudice, permitting Plaintiffs to reinstate Dollar Tree if the action cannot reach the manufacturer or the manufacturer would not be able to satisfy judgment or settlement.

## II.    Count VI: Negligence

In Count VI, Plaintiffs claim Dollar Tree breached its duty and that Dollar Tree proximately caused Plaintiffs' child's injuries and were therefore negligent. Plaintiffs claim Dollar Tree breached its duty to exercise reasonable care in the sale of its products such that they were safe for consumers. For the first time in their response to the motion to dismiss, Plaintiffs also allege that Dollar Tree violated the duty imposed under the Illinois Lead Poisoning Prevention Act ("ILPPA") and the Cook County Lead Poisoning Prevention Ordinance ("CCLPPO"). Plaintiffs also allege that Dollar Tree knew or should have known that the Fruit Pouch contained poisonous or otherwise hazardous ingredients. Dollar Tree claims that Plaintiffs cannot amend the allegations in the complaint through their response. Dollar Tree further claims that this count is merely duplicative of the strict liability count and therefore should be dismissed.

The Court agrees. Except in rare circumstances, a "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Thomason v. Nachtrieb,* 888 F.2d 1202, 1205 (7th Cir.

1989); *but see Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 490 (7th Cir. 2023) (holding that "a district court retains discretion to treat new claims presented for the first time in briefing as a constructive motion to amend" but noting that "[i]t will rarely be appropriate to do so"). Plaintiffs inappropriately attempt to add new legal claims through their opposition brief. Because Plaintiffs did not assert claims under the ILPPA and CCLPO in their complaint, Plaintiffs' duty argument is waived, and the Court need not reach its merits.

Next, the Court turns to the proximate causation issue. To state a products liability claim based on negligence, a plaintiff must show that defendant "knew or should have known of the risk posed by the product." *Jones,* 2015 WL 3463367, at *5. It is not enough for plaintiff to only allege that the product is defective or unsafe. *Calles v. Scripto-Tokai Corp.,* 224 Ill.2d 247, 270, 864 N.E.2d 249, 264 (Ill. 2007). In a claim of negligence, plaintiff must allege that defendant was at fault and thus liable for plaintiff's injuries. *Calles*, 224 Ill.2d at 270.

Plaintiffs' negligence claim does not adequately plead fault. Again, *Jones* is instructive here. In *Jones*, the court found that plaintiff's negligence claims against a nonmanufacturing defendant essentially restated the strict liability allegations without making additional fact-based allegations that the nonmanufacturing defendant knew or should have known the product was defective at the time it was sold to plaintiff. *Id.* at *5. Here, Plaintiffs similarly fail to allege any facts to support that Dollar Tree "knew or should have known of the risk posed" by the Fruit Pouch. Simply paraphrasing statements of law without alleging supporting facts is insufficient and the claim must be dismissed. *Knox Coll. v. Celotex Corp.,* 88 Ill. 2d 407, 424, 430 N.E.2d 976, 984 (Ill. 1981).

For these reasons, the Court dismisses Count VI without prejudice.

### III.    Counts VIII and IX: Breach of Warranties

Plaintiffs bring two claims of breach of warranty: breach of implied warranty and breach of express warranty.

6

*A. Breach of Implied Warranty*

In Count VIII, Plaintiffs claim that Dollar Tree impliedly warranted that the Fruit Pouch was of merchantable quality and fit for the ordinary purpose for which it was used. In response, Dollar Tree argues that a breach of implied warranty claim in a products liability action is "essentially coextensive" with a strict liability claim and therefore should be dismissed under the Illinois Seller's Exception. Dollar Tree also argues that Illinois law transfers the liability of breach of implied warranty claims to the manufacturer for sealed products sold by nonmanufacturing retailers.

The Illinois Seller's Exception does not apply to a breach of implied warranty claim. Courts in this district have determined that breach of implied warranty of merchantability claims are not strict liability torts; they are contract claims and therefore outside the scope of the Illinois Seller's Exception. *Caterpillar, Inc. v. Usinor Industeel*, 393 F.Supp.2d 659, 685 (N.D. Ill.2005) (Pallmeyer, J.). But like their negligence claim, Plaintiffs' breach of implied warranty claim is devoid of any factual allegations to support this cause of action. *Knox Coll.,* 88 Ill. 2d at 424.[1] Accordingly, the Court dismisses Count VIII without prejudice.

*B. Breach of Express Warranty*

In Count IX, Plaintiffs claim Dollar Tree expressly warranted that the Fruit Pouch was of merchantable quality and fit for its ordinary purpose. In its response, Plaintiffs claim for the first time that Dollar Tree gave this express warranty through statements on the Fruit Pouch's packaging. Dollar Tree argues that Plaintiffs failed to attach required documentation to their complaint to sufficiently sustain the claim and that the neutral statements on the packaging cannot be attributed to Dollar Tree.

---

[1] While the Court acknowledges Dollar Tree's manufacturer argument offered in its reply, the Court will permit Plaintiffs to refile the complaint to determine whether they can plead adequate facts to establish the claim.

As noted in Plaintiffs' negligence argument, the first time Plaintiffs allege that the express warranty is based on the packaging statements is in their response. As such, this argument is waived. *Thomason,* 888 F.2d at 1205. Accordingly, the Court dismisses Count IX without prejudice.

### IV. Count X: The Family Expense Act

In Count X, Plaintiffs claim to bring the entire action pursuant to the Family Expense Act due to the proximate result of one or more, or all, of the negligent acts or omissions of Dollar Tree. Dollar Tree argues that the Family Expense Act is not a standalone cause of action and, since all of the underlying claims fail, this one must as well.

The Court agrees. As applicable here, the Family Expense Act gives parents a cause of action against a tortfeasor who, by injuring their child, causes them to incur medical expenses. *Bauer v. Memorial Hospital*, 377 Ill. App. 3d 895, 992, 879 N.E.2d 478, 502, (5th Dist. 2007). The Illinois Supreme Court has recognized that this cause of action belongs to the parents, and "if the parents are not entitled to recover, neither is the child." *Bauer*, 879 N.E.2d at 502. As explained above, Plaintiffs underlying claims are defective. Therefore, Plaintiffs cannot plead this claim as a standalone action. For these reasons, the Court dismisses Count X without prejudice.

**CONCLUSION**

For these reasons, the Court grants Dollar Tree's Motion to Dismiss without prejudice [18]. Plaintiffs are granted leave to amend their complaint within 21 days if they have a good faith basis for believing they can cure the pleading deficiencies identified in this opinion.  If Plaintiffs do not file their amended complaint within 21 days from the date of this Order, Plaintiffs' case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 10/31/2024

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

9